Plaintiff-appellant Winona Sawyer appeals from the trial court's denial of her motion for new trial after the jury found in favor of defendant-appellee Samuel D. Duncan on her claims arising from an automobile accident. Plaintiff contends that the jury's verdict was against the manifest weight of the evidence, and therefore, the trial court erred in denying her motion for new trial. We find no error and affirm.
This case arises from an automobile accident on April 26, 1997. It is undisputed that plaintiff was driving her vehicle and stopped at an intersection when she was rear-ended by defendant's vehicle. The total damage to plaintiff's vehicle was $400.00, an amount to which the parties later stipulated and settled separately. Shortly after the accident, plaintiff went to the emergency room at MetroHealth Medical Center where she was treated and released that same day. Plaintiff's emergency room expenses were $250.00. A few days later, plaintiff contacted her first lawyer who referred plaintiff to Dr. Brian Miller, a physical therapist. On May 2, 1997, plaintiff obtained treatment from Dr. Miller without inquiring into his qualifications or his fees for therapy. Plaintiff's four visits with Dr. Miller between May 2, 1997 and May 16, 1997, totaled $860.00. Plaintiff received no further treatment from Dr. Miller. Dr. Miller did not testify at trial although plaintiff offered his medical bills in evidence.
On March 10, 1998, plaintiff filed her initial complaint against defendant for injuries sustained in the automobile accident. Defendant timely answered on May 11, 1998.
On August 3, 1998, approximately fifteen months after her last treatment, plaintiff's new attorney recommended that she contact the Cleveland Therapy Center (CTC). Plaintiff then began further treatment with Dr. Richard Sabransky, a physical therapist, at CTC. Again, plaintiff never inquired into Dr. Sabransky's qualifications or fees prior to treatment. Her treatments with Dr. Sabransky continued for approximately six weeks and totaled $1,800.00. Following these treatments, Dr. Sabransky told plaintiff that if she continued to experience pain, she should return for follow-up visits. However, plaintiff never returned.
On November 19, 1998, plaintiff voluntarily dismissed her action without prejudice pursuant to Civ.R. 41(A). Subsequently, on January 27, 1999, plaintiff refiled her complaint and this action proceeded through discovery.
On February 3, 2000, the jury trial commenced. During her case-in-chief, plaintiff presented the videotaped deposition of Dr. Sabransky, who testified that plaintiff was in a previous motor vehicle accident approximately twenty years earlier in which she suffered a dislocated right hip. He testified that during his initial examination, plaintiff complained of discomfort in her neck and back and he observed that plaintiff's pelvis was tilted down to the left. However, actual hands-on palpation of the areas was required for plaintiff to experience the tenderness and pain. Dr. Sabransky diagnosed plaintiff with a chronic, persistent, recurrent strain of the cervical muscles in her neck, back and right shoulder and a chronic recurrent strain of the lumbar muscles in her lower back. Dr. Sabransky testified that it was his opinion that plaintiff's symptoms at the time of her office visit were the direct result of the motor vehicle accident.
On cross-examination, Dr. Sabransky testified that the majority of his patients already had an attorney and that he has never found a patient where no injury occurred. He testified that 80% of his patients were from automobile accidents and the other 20% from Workers Compensation claims. Dr. Sabransky testified that he never saw the pictures of plaintiff's car following the accident and that plaintiff never indicated to him that she was unable to care for her five children as a result of this accident. He further testified that his medical reports do not reflect that plaintiff suffered any muscles spasms in her cervical or lumbosacral regions after the accident.
Plaintiff then testified that she was in great shape prior to the accident. She admitted that she suffered a dislocated hip in a previous automobile accident but that she had no problems with the hip since. Plaintiff testified that when she was released from MetroHealth after the April 26, 1997 accident, she was given no medications and advised to follow-up with her doctor. She testified that the day after the accident, her neck and back hurt when she sat for a long period of time. She then contacted her original attorney who referred her to Dr. Miller. Plaintiff testified that several months later, she experienced pain and suffered a panic attack during her first deposition. At that time, her new attorney recommended that she contact Dr. Sabransky. Plaintiff testified that her car sustained damage in the accident but that she no longer owns the car. She testified that even though she was hit from behind by defendant, there is no question in her mind that she was first thrown forward into the steering wheel. Plaintiff further admitted that she never inquired into the qualifications and fees of either Dr. Miller or Dr. Sabransky prior to receiving treatment. Plaintiff testified that she suffered from back spasms following the accident.
Defendant offered into evidence photographs of plaintiff's vehicle following the accident, which showed no apparent damage. Following the presentation of all evidence, the jury returned a verdict in favor of the defendant. On February 9, 2000, plaintiff filed a motion for new trial and on March 31, 2000, defendant filed his response. On April 28, 2000, the trial court denied plaintiff's motion for new trial. From the court's judgment, this timely appeal ensued.
We will address plaintiff's assignments of error together as they are related.
 I. THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR NEW TRIAL.
In her assignments of error, plaintiff asserts that she has presented competent evidence that her alleged injuries were directly and proximately caused by the accident, and therefore, the jury's verdict in favor of the defendant was against the manifest weight of the evidence. Plaintiff further asserts that because the verdict was not supported by the evidence, the trial court abused its discretion in denying her motion for new trial. We find no merit to these contentions.
The standard of review we must observe in reviewing plaintiff's motion for a new trial was most recently set forth by this Court in McCall v. Mareino (July 20, 2000), Cuyahoga App. No. 76552, unreported, as follows:
 It is well established that a trial court's decision whether to grant a new trial lies within the sound discretion of the trial court. Verbon v. Pennese (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. In reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence before it favorably to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact. Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249, 253, 21 OBR 292, 296-297, 487 N.E.2d 588, 593-594; Richard L. Bowen Assoc. v. Kassouf (June 22, 1995), Cuyahoga App. Nos. 66801, 67018, unreported, at 9, 1995 WL 371294. A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Since the trial judge is best able to view the witnesses and observe their demeanor when he weighs the credibility of the offered testimony, there is a presumption that the findings of the trier of fact are correct.
 Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410-411, 461 N.E.2d 1273, 1276. The weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact. Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10, 531 N.E.2d 333.
 Star Bank National Assn. v. Cirrocumulus Ltd. Partnership (Cuyahoga, 1997), 121 Ohio App.3d 731, 743-744, 700 N.E.2d 918; also see Driscoll v. Norprop, Inc. (Cuyahoga, 1998), 129 Ohio App.3d 757, 763, 719 N.E.2d 48.
We are also mindful that:
 The trial court's consideration of this weight [of the evidence] and credibility [of the witnesses] is not in the substantially unlimited sense employed by the jury but in a more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the weight of the evidence. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph three of the syllabus. A trial judge should abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. Bland v. Graves (1993), 85 Ohio App.3d 644, 620 N.E.2d 920.
* * *
 * * *, a verdict rendered in favor of the defense does not necessarily create a manifest injustice where the plaintiff does not receive any damages. See Michelson v. Kravitz (1995), 103 Ohio App.3d 301, 659 N.E.2d 359.
* * *
 That evidence is uncontroverted does not necessarily require the trier of fact to accept an argument advanced by a party. GTE North, Inc. v. Carr (1993), 84 Ohio App.3d 776, 618 N.E.2d 249.
 Sauto v. Nacht (Apr. 16, 1998), Cuyahoga App. No. 73118, unreported, 1998 Ohio App. LEXIS 1608, at 3-4 (Judge Spellacy, with Judges Karpinski and Rocco, concurring; denial of motion for new trial subsequent to a defense verdict, affirmed where proximate cause and injuries in a minor vehicle collision were decided by the jury); Schlundt v. Wank (Apr. 17, 1997), Cuyahoga App. No. 70978, unreported, 1997 WL 186830 (Judge Rocco, with Judges O'Donnell and Porter, concurring; granting of new trial on inadequacy of damages reversed and defense jury verdict reinstated in minor vehicle collision involving soft-tissue injuries).
Finally, with regard to a manifest weight of the evidence review and a jury assessing the credibility and weight of expert testimony, this court stated the following:
 Finally, we note the jury is not required to give any additional weight to the opinion of an expert, if any weight at all.
 Rather, an expert's opinion is admissible, as is any other testimony, to aid the trier of fact in arriving at a correct determination of the issues being litigated. Expert testimony is permitted to supplement the decision-making process of the fact finder not to supplant it.
 See Ragon v. Vitali Beltrami, Jr. Inc. (1975), 42 Ohio St.2d 161, 327 N.E.2d 645.
 Again, we stress that a jury is considered the primary fact-finder whose determinations must be afforded due deference upon appellate review.
 Doss v. Smith (June 25, 1998), Cuyahoga App. No. 72672, unreported, 1998 WL 338070, at 2 (Judge Corrigan, with Judges O'Donnell and Patton, concurring).
In the instant case, the jury returned a verdict in favor of the defendant. Considering the evidence in a light most favorable to the jury's verdict, we find that the trial court did not abuse its discretion in denying plaintiff's motion for new trial. Plaintiff's motion was based on her claim that the jury's defense verdict was against the manifest weight of the evidence. However, there was competent, credible evidence indicating that this was only a very minor accident with imperceptible damage to plaintiff's vehicle upon which the jury could have questioned the authenticity of plaintiff's claimed injuries. Although plaintiff went to the emergency room at MetroHealth Medical Center, there were no significant findings of injury, no medication was prescribed and plaintiff was released without follow-up. Plaintiff failed to present any medical testimony regarding objective findings of injuries as a result of the accident. Dr. Miller did not testify. Dr. Sabransky testified only to plaintiff's subjective claims of pain under direct palpation. There also was evidence that plaintiff sought treatment for these alleged injuries only after referrals from her attorneys and that plaintiff obtained treatment from the therapists without considering their qualifications or fees. Dr. Sabransky further admitted that 80% of his patients were from automobile accidents, that a majority of them were already represented by attorneys and that he had never found a patient without an injury.
As discussed above, the jury was free to believe or disbelieve the plaintiff's evidence, whether controverted or not. There was sufficient evidence in this record to support the jury's determination. Thus, viewing the totality of this evidence and all reasonable inferences, we cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice which would warrant reversal or a new trial. The trial court did not abuse its discretion in denying plaintiff's motion for new trial.
Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.